# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CIMON LOVESS, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-2212 |
| EMBRACE HOME LOANS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Cimon Lovess, proceeding *pro se*, filed a complaint on May 31, 2017 against twenty-seven Defendants, mostly banks and mortgage lenders, in the Circuit Court of Baltimore County, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b. (Compl., ECF No. 2.) Two of the Defendants, Discovery Financial Services and Discover Bank (the "Discover Defendants"), removed the case to this Court on August 4. (Notice of Removal, ECF No. 1.) The Discover Defendants then moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on August 11, 2017. (ECF No. 9.) Defendants Bank of America, N.A. ("BANA") and Paramount Equity Mortgage ("Paramount") moved to dismiss on the same grounds on August 25 and September 28, respectively.[1] (ECF Nos. 14, 23.) Plaintiff was granted additional time to respond to the Discover Defendants' Motion (*see* ECF No. 20) but has not responded to the Discover Defendants' Motion, BANA's Motion, or

---

[1] BANA was also a defendant in another action initiated by Ms. Lovess, *Lovess v. Loandepot.com, LLC*, Civ. No. 17-2186 (D. Md.). The caption on BANA's motion suggests that its motion to dismiss is directed towards both the instant case, Civ. No. 17-2212, and the other case, Civ. No. 17-2186. *Lovess v. Loandepot.com, LLC*, Civ. No. 17-2186, was dismissed without prejudice by order of the Court on September 25, 2017, due to Plaintiff's failure to prosecute. Paramount's motion will be construed as a motion to dismiss, and any additional facts provided by Paramount beyond those in the Plaintiff's complaint are disregarded.

Paramount's motion and therefore all three motions are ripe for decision. It is not necessary to have a hearing to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). Plaintiff's claim against the Discover Defendants is not barred by the doctrine of *res judicata*, but Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8 and has therefore failed to state a claim upon which relief can be granted. Therefore, Discover Defendants' motion to dismiss, BANA's motion to dismiss, and Paramount's motion to dismiss will be granted by accompanying order.

I. *Background*[2]

In 2015, Plaintiff filed a complaint against nine defendants including Discover Products, Inc. (improperly named in the action as "Discover Financial Services, Inc.")[3] in the Circuit Court for Baltimore County, alleging *inter alia* violations of the Fair Credit Reporting Act ("FCRA"). (Compl. in *Lovess v. Discover Financial Servs., Inc., et al.*, Discover Defs.' Mot. Dismiss Ex. A, ECF No. 9-3.) The only claim in that case ("*Lovess I*") against Discover Products was that it, along with several other companies, "knowingly and willfully used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose." (*Id.* ¶ 29.) Somewhat more specifically, Discover Products allegedly "obtained Plaintiff's credit report on 12/05/2014 [but] Plaintiff did not receive a firm offer of credit from Discover and therefore it did not access Plaintiff's credit report for a permissible purpose." (*Id.* ¶ 20.) That case was removed to this court on May 29, 2015, and on July 23, 2015 Plaintiff, by stipulation, dismissed her claims against Discover Products Inc. with

---

[2] As this memorandum is evaluating a motion to dismiss, the facts are recited here as alleged by Plaintiff, *see Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), or are taken from official public records, *see Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

[3] (*See* Stipulation of Dismissal of Plaintiff's Claims Against Discover Products Inc. in *Cimon Lovess v. Discover Financial Services, Inc.*, Civ. No. 15-1487 (D. Md.), docketed in that matter as ECF No. 46.)

prejudice, and the court approved that dismissal with prejudice by paperless order.[4] (*See* Notice of Removal in *Cimon Lovess v. Discover Financial Servs. Inc.*, Civ. No. 15-1487 (D. Md.) ("*Lovess I*"), docketed in that matter as ECF No. 1; Stipulation of Dismissal of Pl.'s Claims Against Discover Prods., Inc. in *Lovess I*, docketed in that matter as ECF No. 46, hereinafter "Stipulation of Dismissal"; Paperless Order approving Stipulation of Dismissal in *Lovess I*, docketed in that matter as ECF No. 48.)

The facts of the present case are similar, and few. In 2016 Plaintiff checked her[5] TransUnion and Experian credit reports. (Compl. ¶ 29.) On her Experian report, she noticed "several credit inquiries by entities that [she] had no credit account or business relationship" with. (*Id.* ¶ 35.) Among these "entities" were "Discover" and "BOA" (presumably referring to Bank of America) and "Paramount." (*Id.* ¶ 36.) Plaintiff attempted to contact these organizations to determine why they had inquired as to her credit report but was unable to get an answer. (*Id.* ¶ 37-38.) Plaintiff asserts, "upon information and belief" that all of the companies that inquired into her credit report, including Discover Defendants, BANA, and Paramount "knew, or should have known, that they were not obtaining Plaintiff's report for a permissible purpose." (*Id.* ¶ 43.) Essentially, Plaintiff appears to have arrived at this conclusion of impropriety through deduction: because "[n]one of the defendants offered the Plaintiff preapproved credit or employment" or were potential investors, or creditors of the Plaintiff, or

---

[4] The Discover Defendants point the Court in the direction of an October 26, 2015 Stipulation of Dismissal, in which Plaintiff dismissed Credit One Financial with prejudice in *Lovess I*, and asserts that this is evidence that the Discover Defendants were dismissed in *Lovess I*. (*See* Discover Defs.' Mot. Dismiss Mem. Supp. 2 ECF No. 9-1 (citing Stipulation of Dismissal of Defendant Credit One Financial, Discover Defs.' Mot. Dismiss Ex. B, ECF No. 9-4).) The Court is unaware why Credit One Financial's dismissal would serve as a dismissal of the Discover Defendants in that case.

[5] Plaintiff's gender is unclear from the filings. Plaintiff mostly refers to herself as "Plaintiff" in the complaint. In paragraph 47 of the complaint Plaintiff states that Plaintiff has suffered "mental anguish and emotional distress from the ongoing invasion of **his** privacy and the possibility of future unauthorized inquiries into **her** personal financial information." (emphasis added). The final paragraph of the complaint states, in part "Plaintiff reserves **his** right to request legal fees in the event **she** retains an attorney." (emphasis added). This memorandum refers to Plaintiff with feminine pronouns.

"were completing a mortgage loan application" – all permissible purposes for inquiries under FCRA, *see* 15 U.S.C. § 1681b(a)(3) – they must have been accessing Plaintiff's credit report for an impermissible purpose. (*See id.* ¶42.)

Due to the Defendants' actions, Plaintiff "has suffered and will continue to suffer considerable harm," to wit: mental anguish and emotional distress resulting from the invasion of her privacy, the "risk of additional instances of identity theft," and the hassle of determining whether Defendants acted improperly when they accessed her credit report. (*Id.* ¶ 49.) As a result, Plaintiff requests $100,000 in actual damages, as well as $200,000 in punitive damages "for violations of the FCRA" and $30,000 "or more" in "statutory damages." (*Id.* ¶ 50.)

## II.  *Standing*

Discover Defendants raise the argument that Plaintiff lacks standing to litigate this claim (they bury this argument in a footnote on the final page of their memorandum). In order for a Plaintiff to have standing in Federal Court she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). This question of standing in this case, like *Spokeo*, "primarily concerns injury in fact." *Id.*

In *Spokeo*, the plaintiff alleged that the defendant had provided incorrect information about the plaintiff to a third party, in violation of FCRA Section 1681e and 1681b. *Id.* at 1545. The Plaintiff did not, however, allege any actual injury; only that "Defendant [was] in violation of a statute that grants individuals a private right of action," and that plaintiff was "concerned that the inaccuracies in his report *will affect* his ability to obtain credit, employment, insurance, and the like." *Robins v. Spokeo, Inc.*, No. CV10-05306 ODW (AGRx), 2011 WL 597867 *1 (C.D. Cal. January 27, 2011) (quotations omitted) (alterations omitted) (emphasis in the

original). The Supreme Court held that the plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation [and] [a] violation of one of FCRA's procedural requirements may result in no harm." *Spokeo*, 136 S. Ct. at 1550. Essentially, the defendant may have produced an inaccurate report about the plaintiff, in violation of FCRA, but plaintiff failed to allege that this inaccuracy caused him any harm, and therefore he did not have standing to sue the defendant. *See id.*

This case is very close to *Spokeo*, but not quite there. Plaintiff is similarly alleging a procedural violation of FCRA and claiming that she is harmed by potential future consequences. But she has also alleged actual damages in the amount of $100,000 stemming from emotional distress and mental anguish, and therefore this is not a "bare" procedural violation of the type at issue in *Spokeo*. To be sure, Plaintiff's conclusory allegations as to the amount of damage that she has suffered due to Defendants' allegedly improper credit inquiries are not strong indication of an injury in fact, as they are mostly based on emotional and mental distress and conjecture. But the Court finds that they are sufficient to establish Article III standing, even if the overall conclusory nature of Plaintiff's complaint is not sufficient to withstand the Defendants' motions to dismiss, as will be discussed below.

### III. *Standard of Dismissal under Rule 12(b)(6)*

Federal Rule of Civil Procedure 8 requires that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not require highly technical pleadings or "precise or magical words," *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 418 (4th Cir. 2014), but it must be enough to put defendants on notice of the nature of the claim that is being brought against them, *see Barbee v. Coble*, 208 F.R.D. 549, 551 (M.D.N.C. 2002). Thus,

5

> [r]ule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 n.3 (2007). "[V]ague and conclusory allegations are insufficient to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure." *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 771 (D. Md. 2003).

Furthermore, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## IV. *Analysis*

### a. *Res Judicata*

The Discover Defendants first assert that this action is barred against them under the doctrine of *res judicata* because they were defendants in *Lovess I* and were dismissed with prejudice. Generally speaking, *res judicata* "bars the relitigation of claims that were raised or

6

could have been raised in the prior litigation." *Pittston Co. v. U.S.*, 199 F.3d 694, 704 (4th Cir. 1999). Specifically, "it bars such claims only when three elements are satisfied:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding."

*Id.* (quotation and citation omitted). The first requirement is clearly satisfied here. A stipulation of dismissal with prejudice "constitutes a final judgment on the merits for the purposes of *res judicata*." *Sullivan v. Easco Corp*, 662 F. Supp. 1396, 1408 (D. Md. 1987).

The second requirement is less clearly satisfied. In this action, the "Discover Defendants" are Discover Financial Services and Discover Bank. Neither was clearly a defendant in Ms. Lovess's lawsuit in 2015. That lawsuit did name "Discover Financial Services, Inc." as a defendant. However, in the Stipulation of Dismissal of Ms. Lovess's claims against "Discover Financial Services, Inc.," "Discover Financial Services, Inc." noted that it was in fact "Discover Products Inc." that had been sued, and Discover Products Inc. had been "incorrectly named and sued as 'Discover Financial Services, Inc.'" (*See* Stipulation of Dismissal.) "Discover Bank" was neither named as a party in Ms. Lovess's 2015 lawsuit, nor mentioned in the Stipulation of Dismissal. Discover Financial Services and Discover Bank may very well be in privity with Discover Products Inc., but counsel for the Discover Defendants has not provided the Court with any information as to whether that is the case, and instead simply asserted that "both Discover Defendants and Plaintiff were parties in Lovess I," an assertion that, as far as the Court can tell, is not entirely accurate. (Discover Defs. Mot. Dismiss Mem. Supp. 5.) Discover Bank was decidedly *not* a party in *Lovess I*. Defendant Discover Financial Services, Inc. either *was* a party in *Lovess I*, in which case Defendant's counsel in that matter incorrectly noted to the

7

court that it should have been named "Discover Products Inc.," or Discover Financial Services, Inc. was *not* a party in *Lovess I*, in which case Defendant's current counsel is incorrect in noting to the Court that it was a party in *Lovess I*. Which "Discover" entity did what, when, is all very confusing, but it is not necessary for the Court to sort it all out. That is because, even if Defendant Discover Financial Services, Inc. *was* a party in *Lovess I*, or both Discover Defendants *were in privity* with Discover Products Inc., the claims in this matter are not clearly "based on the same cause of action involved in the earlier proceeding." *Pittston Co.*, 199 F.3d at 704.

Whether or not claims are "based on the same cause of action" can be a thorny inquiry. *See Pittston*, 199 F.3d at 704 ("No simple test exists to determine whether causes of action are identical for claim preclusion purposes."). Generally speaking, the two claims must arise from a "common nucleus of operative fact." *See id.* (quoting *Restatement (Second) of Judgments* § 24 cmt. b. (1982)). Importantly, *res judicata* "bars a plaintiff from asserting claims that were already litigated *or could have been litigated* in a prior suit." *Turner v. Eastern Savings Bank, FSB*, Civ. No. 09-2637, 2010 WL 1409858 *3 (D. Md. 2010) (emphasis added). If a claim could not have been brought when the Plaintiff brought her first action, then that claim cannot be part of the "common nucleus of operative fact" underlying that first action and cannot be barred now by *res judicata*.

In *Lovess I*, the Plaintiff alleged that Discover Financial Services, Inc. (or, perhaps, Discover Products, Inc.) had "obtained Plaintiff's credit report on 12/05/2014." In the present action, Plaintiff claims that she obtained her Experian credit report sometime in 2016 and on that report she noticed that both the Discover Defendants had inquired as to her credit. Plaintiff does not provide any further information as to *when* either Discover Defendant made these allegedly

8

improper inquiries. If these inquiries were made in 2016, then this action would not be barred by *res judicata*, as there is no way Plaintiff could have brought claims in 2015 based on improper credit inquiries performed in 2016. If these inquiries were, however, the same inquiries made by "Discover Financial Services, Inc." in 2014 that gave rise to *Lovess I* but happened to also appear on her 2016 Experian credit report, then this action would be barred by *res judicata*.

The Court will assume that the Plaintiff is referring to different credit inquiries in the instant action than in *Lovess I* and therefore this action is not barred against either of the Discover Defendants under the doctrine of *res judicata*. Pleadings are to be "construed so as to do justice" and not construed strictly against the pleader. Fed. R. Civ. P. 8(e); *see also* Charles A. Wright & Arthur R. Miller, 5 Fed. Prac. and Proc. Civ. § 1286 (3d ed.). In fact, as this is a motion to dismiss, all inferences should be drawn in favor of the Plaintiff. *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 1990). Therefore, the Court will not construe this ambiguity against the Plaintiff, will instead infer that she is referring to credit inquiries performed in 2016 and not just appearing on her 2016 Experian report, and will find that this claim is not barred by *res judicata*. However, the ambiguity and lack of detail in Plaintiff's complaint that almost led to the Court finding in the alternative on this issue will prove too much for Plaintiff to survive the Defendants' motions to dismiss under Rule 12(b)(6).

   b. *Rule 8 and 12(b)(6)*

Rule 8 requires a short and plain statement of the claim, but this claim must at least be enough to provide notice to defendants what the nature of that claim is such that they can properly respond. Plaintiff's complaint essentially lumps all of the (twenty-seven) Defendants together, alleging that they inquired into her credit report and did so with an improper purpose, but it provides nothing specific, and nothing particular to any Defendant. As the above

discussion of *res judicata* demonstrates, Plaintiff's complaint does not even clearly establish when any of the credit inquiries were made, let alone when any particular inquiry was made by any particular Defendant. Plaintiff may not have exact information about when these inquiries were made, but she does not even allege a particular year; only that she noticed the inquiries in 2016.[6]

Nor does Plaintiff allege any particular purpose for these credit inquiries with regard to any specific Defendant. (*See* Compl. ¶ 44 (alleging, "upon information and belief" that all of the Defendants obtained Plaintiff's credit report for "one or more of the following reasons" and then listing various improper reasons, including "some other impermissible purpose.") Plaintiff simply alleges that (at some point in time) all of the Defendants made a credit inquiry and that they did not do so for various legitimate purposes, and all of the Defendants must therefore have made these inquiries for improper purposes. These allegations, which do not distinguish between any Defendants (except as to whether Plaintiff learned of their inquiries through TransUnion or Experian), do not explain when any of the alleged impropriety occurred, and assume an improper purpose for the Defendants' inquiries but do not actually allege one, are insufficient to put the Discover Defendants, BANA, or Paramount on notice. Instead the complaint simply states legal conclusions. (*See, e.g.*, *id.* ¶ 50 ("The Defendants violations [sic] were not only negligent but also willful within the meaning of 15 U.S.C. § 1681n(a).") That is insufficient under Rule 8 and the Defendants' motions to dismiss under Rule 12(b)(6) will be granted.

---

[6] The Court has inferred that these inquiries were made in 2016 because, in deciding on the Discover Defendants' argument that Plaintiff's claim is barred by *res judicata*, the Court makes all inferences in Plaintiff's favor, but that does not mean that her complaint sufficiently put Defendants on notice as to when these inquiries were made.

## V. *Conclusion*

Construing Plaintiff's claim generously and making all inferences in her favor, the Court finds that Plaintiff's claim is not barred against the Discover Defendants under the doctrine of *res judicata*. Nevertheless, Plaintiff's complaint does not meet the requirements of Rule 8 and does not state a claim upon which relief can be granted under Rule 12(b)(6). Therefore, the Discover Defendants', BANA's, and Paramount's motions to dismiss will be granted by accompanying order.

DATED this 20th day of October, 2017

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge